# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

No. 02-1082
_____

| | | |
|---|---|---|
| National Indemnity Company, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Ozark Mountain Sightseeing, Inc.; | * | |
| Ross Graham, individually and as | * | |
| personal representative of estate of | * | |
| Juanita Graham; | * | |
| | * | |
| Defendants-Appellees, | * | |
| | * | Appeal from the United States |
| Lancer Insurance Company, | * | District Court for the Western |
| | * | District of Missouri. |
| Defendant-Appellant. | * | |
| ------------------------------------------------- | * | [UNPUBLISHED] |
| Ross Graham, individually and as | * | |
| personal representative of estate of | * | |
| Juanita Graham, | * | |
| | * | |
| Third Party Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Lexington Insurance Company, | * | |
| | * | |
| Third Party Defendant-Appellee. | * | |

_____

Submitted: September 10, 2002

Filed: September 26, 2002
_____

Before BOWMAN, LAY, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Lancer Insurance Company appeals from the district court's[1] partial grant of summary judgment in favor of National Indemnity Company in its declaratory judgment action. The district court held that Lancer is obligated to provide coverage for the claim at issue, and that Lancer's policy is primary to the coverage provided through the MCS-90 endorsement[2] to National Indemnity Company's business auto liability policy, and to the MCS-90 endorsement to Lexington Insurance Company's excess policy. Lancer also appeals the district court's decision that it has no subrogation rights against Ozark Mountain Sightseeing, Inc.[3]

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

[2]Form MCS-90 is an "Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Section 18 of the Bus Regulatory Reform Act of 1982."

[3]Ozark was insured under a business auto liability policy through Appellee, National Indemnity Company, providing $1 million in coverage. Ozark also had a business auto excess liability policy issued by Lexington, which provided an additional $4 million in coverage. Both of these policies contained a Form MCS-90.

Lancer's insured, Summit Coaches,[4] operated a bus tour from Kalamazoo, Michigan to Branson, Missouri in June, 1995. After arriving in Branson, the Summit tour bus had a mechanical breakdown. Summit hired a replacement bus and driver from Ozark. The Ozark replacement bus subsequently struck and injured Juanita Graham, a pedestrian. Mrs. Graham died approximately one year later, and a claim for personal injuries was brought by her estate. A $1.75 million judgment was rendered against Lancer, National, and Lexington, jointly and severally.

The district court found that the replacement bus provided by Ozark to Summit qualified for coverage as a temporary substitute vehicle under the terms of the Lancer policy, and that Ozark's drivers qualified for coverage as permissive drivers. Accordingly, the district court held that the Lancer policy provided coverage for Ozark and its drivers.

Further, the district court held that the Lancer policy was primary over the National and Lexington MCS-90 endorsements, finding that MCS-90 endorsements are not treated as coverage where other insurance policies are available to provide full coverage for the victim's injuries. The district court rejected Lancer's argument that it had a right to seek reimbursement from Ozark, upholding the general rule that insurers cannot seek reimbursement from insureds.

Finally, the district court rejected Lancer's claim that a two-year delay in notification of the accident resulted in prejudice to Lancer. To the contrary, the record indicates that Lancer was given a chance to participate, but declined, before the 1999 and 2000 state court suits were filed.

---

[4]Summit Coaches is a bus transportation company owned by L&L, Inc., insured at all times relevant to this action under a business auto liability policy through Lancer Insurance Company, with limits of $5 million.

We have reviewed the record and find the district court committed no error of law.

The district court is AFFIRMED.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.